UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SAXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1612 JCH |
| | ) | |
| TOM GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be granted. Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review the complaint and dismiss any part of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon review of the complaint, the Court will dismiss plaintiff's claims against her supervisor, Mr. Jake Dillon, as well as the other individual named in the complaint, Mr. Tom Green. Plaintiff will be given thirty (30) days to substitute her employer as the sole defendant in this action by filing an amended complaint. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. Named as defendants are plaintiff's former supervisor, Jake Dillon, and another individual, Tom Green who is not identified in the complaint. Plaintiff alleges that Jake Dillon sexually harassed her at her jobsite with text messages, sexually explicit videos, and in person. She asserts that when she did not reciprocate his advances she was demoted, had her hours reduced and was eventually terminated from her job.

Title VII provides a remedy only against an employer. The Eighth Circuit Court of Appeals has squarely held that supervisors may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District,* 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against her supervisor, Jake Dillon, fail to state a claim upon which relief can be granted. Moreover, plaintiff's claims against the other individual defendant in this action, Tom Green, are also subject to dismissal, as there is no indication that he is an "employer" as described under the statute.

Plaintiff will be given thirty (30) days to add her employer by filing an amended complaint, whom plaintiff described as "Key Sport" in her Charge of Discrimination filed with the Equal Employment Opportunity Commission. Should plaintiff fail to substitute her employer in this action in a timely manner, the action will be dismissed without prejudice. Plaintiff shall substitute the proper party by filing an amended complaint on a court-provided form in a timely manner. The Clerk of Court shall provide the form to plaintiff herewith. The Court will hold dismissal of this action in abeyance within the thirty-day time period.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against the individual defendants Jake Dillon and Tom Green are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this Memorandum and Order to substitute the name of her employer as the proper defendant in

this action. She shall do so by filing an amended complaint on a court-provided form against her former employer.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a form complaint for filing employment discrimination claims.

**IT IS FURTHER ORDERED** that the Court will hold the dismissal of the individual defendants in abeyance pending plaintiff's substitution of the real party in interest, for the next thirty (30) days.

Dated this 20th day of June, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE