UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET SAXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CV1612 JCH |
| ) | |
| KEY SPORT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement, filed August 4, 2019. (ECF No. 13). By way of background, Plaintiff filed her original Complaint in this matter on June 3, 2019, naming as Defendants Tom Green and Jake Dillon. (ECF No. 1). Plaintiff alleged discrimination on the basis of gender, stating the conduct complained of involved retaliation, harassment, and termination of her employment. (*Id.*, PP. 4-5). Specifically, Plaintiff alleged as follows:

> August 24th, 2018 Received a text message from supervisor inviting me for drinks. Supervisor sent naked pictures via Snapchat as well as video masterbating (sic). Supervisor requested a video of myself masterbating (sic) as well as naked pictures.
> Following shift my supervisor stood beside me rubbing himself while explaining he had been at a strip club.
> Demoted me to squeegee cleaner as well as cut my hours for not having sexual relations with supervisor. After I still would not have sexual relations with supervisor I was terminated.

(*Id.*, PP. 5-6).

In an Order entered June 20, 2019, the Court noted Title VII of the Civil Rights Act of 1964 provides a remedy only against an employer. (ECF No. 6, P. 2). The Court therefore

granted Plaintiff thirty days to file an Amended Complaint, naming her employer as Defendant. Plaintiff filed her Amended Complaint on June 27, 2019, naming Key Sport as Defendant, and changing the facts sections to the following:

> Supervisor sexually harassed me by texting videos of himself naked, masterbating (sic) as well as requesting pictures as well as videos of myself masterbating (sic). When I would not have sex with supervisor I then was demoted and then terminated.

(ECF No. 8, PP. 1, 5).

As noted above, Defendant filed the instant motion on August 4, 2019. (ECF No. 13). Defendant first complains that Plaintiff has named the wrong entity as Defendant, and directs the Court's attention to an article proclaiming Key Sport was sold in June, 2019. Defendant attempts to shift the burden to Plaintiff to name the proper Defendant, despite the fact that her employment apparently was terminated in September, 2018, nearly a year before the alleged sale. Under these circumstances, the Court finds Key Sport and its attorneys are responsible for addressing any issues of successor liability in this matter, and this portion of Defendant's Motion to Dismiss will be denied.

Defendant next asserts Plaintiff's Complaint fails to state a claim for hostile work environment sexual harassment, and that should she intend to claim *quid pro quo* discrimination, she should be required to amend her Complaint to state such a claim more definitely. With respect to Defendant's first claim, the Court declines to dismiss Plaintiff's hostile work environment claim at this time, finding Defendant's arguments on that point are more properly addressed on summary judgment, with a full record before the Court. With respect to Defendant's second point, the Court finds Plaintiff's Complaint sufficiently places Defendant on notice that she asserts *quid pro quo* discrimination, and so this portion of Defendant's motion is denied.

Finally, Defendant faults Plaintiff for insufficiently delineating her alleged damages. Again, the Court finds this issue can be explored through discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (ECF No. 13) is **DENIED**.

Dated this 16th Day of August, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE